Electronically Filed
4/2/2021 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**RAMZY PAUL LADAH**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

CASE NO: A-21-832267-C
Department 19

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THEO JOHNSON, <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>JOHN W. POLLOCK; MILLWOOD TRUCKING, INC.; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br>　　　　　Defendants. | CASE NO. <br> DEPT. NO. <br><br>**COMPLAINT** |

　　　　Plaintiff, THEO JOHNSON ("Plaintiff"), by and through his undersigned counsel of record, for his claims of relief against the above-named Defendants, and each of them, alleges and complains on information and belief as follows:

### JURISDICTION

　　　　1.　　At all times relevant hereto, Plaintiff was and still is a resident of the County of Clark, State of Nevada.

　　　　2.　　At all times relevant hereto, Defendant JOHN W. POLLOCK ("Pollock") was and still is a resident of the State of Arkansas.

　　　　3.　　At all times relevant hereto, Defendant MILLWOOD TRUCKING, INC. ("Millwood Trucking") was and still is a foreign corporation licensed to do business in the State of Nevada.

0513

4.       The true names and capacities of Defendants DOES I through XX, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names.  Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES I through XX are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto.  Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX.  Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged.  Plaintiff will ask leave of the Court to amend his Complaint to insert the true names of such Defendants when the same have been ascertained.

5.       Defendants Pollock, Millwood Trucking, DOES I through XX, and ROE BUSINESS ENTITIES I through XX shall hereinafter be collectively referred to as "Defendants".

## GENERAL ALLEGATIONS

6.       Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

7.       At all times relevant hereto, particularly on or about April 18, 2019, Plaintiff was a restrained driver of a Ford F-150 pickup truck ("Plaintiff's vehicle"), driving westbound on E. Cheyenne Avenue, a short distance east of the intersection with N. Pecos Road, in Clark County, Nevada.

8.       At all times relevant hereto, Pollock, who was operating a 2016 Freightliner tractor-trailer owned by Millwood Trucking ("Defendants' vehicle"), failed to operate Defendants' vehicle safely, failed to maintain a safe following distance, and caused a collision with Plaintiff's vehicle, causing Plaintiff to sustain injuries and damages.

2

9. The aforesaid collision occurred as Plaintiff was yielding to emergency vehicles proceeding through the area with sirens activated. Pollock's failure to timely yield to said emergency vehicles, *inter alia*, caused or contributed to the occurrence of the aforesaid collision.

10. At all times relevant hereto, Millwood Trucking owned, maintained, and controlled Defendants' vehicle, which was entrusted to and driven by Pollock at the time of the aforesaid collision.

11. At all times relevant hereto, Pollock was operating Defendants' vehicle with the consent, permission and acquiescence of Millwood Trucking.

12. Plaintiff sustained and incurred significant injuries and damages as a result of Defendants' negligent actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence *Per Se*)

13. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

14. At all times relevant hereto, Pollock negligently operated Defendants' vehicle in a manner that directly caused the aforesaid, injurious collision.

15. At all times relevant hereto, Nevada Revised Statutes – specifically, *inter alia*, NRS § 484B.600, NRS § 484B.603, NRS § 484B.127, *et seq.* – were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

16. As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated Nevada Revised Statutes and are, therefore, negligent *per se*.

17. As direct and proximate result of Defendants' aforesaid negligent actions and/or omissions, Plaintiff was injured in his health, strength and activity, sustained injury to his body

and shock and injury to his person, all of which has caused and will continue to cause Plaintiff pain and suffering.

18. As a direct and proximate result of Defendants' aforesaid negligent actions and/or omissions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

19. As a direct and proximate result of Defendants' aforesaid negligent actions and/or omissions, it has been necessary for Plaintiff to retain legal counsel to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Negligent Entrustment / Joint & Several Liability / Agency**
***Respondeat Superior* / Vicarious Liability)**

20. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

21. At all times relevant hereto, Millwood Trucking owned, maintained, and controlled Defendants' vehicle, which was entrusted to and driven by Pollock at the time of the aforesaid collision.

22. At all times relevant hereto, Millwood Trucking and/or its agents or assigns negligently, carelessly and recklessly allowed Pollock to drive Defendants' vehicle, which was owned, maintained and controlled by Millwood Trucking.

23. At all times relevant hereto, Millwood Trucking and/or its agents or assigns negligently, carelessly and recklessly maintained and controlled its agents or assigns, proximately giving rise to the aforesaid collision.

24. Pollock was acting within the course and scope of his employment, service or agency with Millwood Trucking at all times relevant hereto, including at the time of the aforesaid collision.

25. At all times relevant hereto, Defendants were acting within the course and scope of their respective employments, services or agencies with Millwood Trucking when the aforesaid collision occurred, and in those capacities, acted negligently, thus each and every other Defendant, including but not limited to, Millwood Trucking and the DOE and ROE Defendants, are vicariously liable for the injuries and damages sustained by Plaintiff as alleged herein.

26. At all times relevant hereto, Defendants, and each of them, are and were agents, partners, co-partners, co-agents and/or joint-venturers of the other co-Defendants and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times mentioned.

27. As a direct and proximate result of the aforesaid negligent actions and/or inactions of Millwood Trucking and/or its agents or assigns, Defendants breached the duty of reasonable care owed by Defendants to the general public, and in particular, to Plaintiff.

28. As direct and proximate result of Defendants' aforesaid negligent actions and/or inactions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which has caused and will continue to cause Plaintiff pain and suffering.

29. As a direct and proximate result of Defendants' aforesaid negligent actions and/or inactions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiff's general and special damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a direct and proximate result of Defendants' aforesaid negligent actions and/or inactions, it has been necessary for Plaintiff to retain legal counsel to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs.

. . .

. . .

. . .

. . .

## THIRD CAUSE OF ACTION
**(Negligent Hiring, Training, Supervision and Policies/Procedures)**

31. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

32. Defendants, and each of them, acted negligently, in, among other reasons, failing to do as follows:

   i. Establish and implement proper policies and procedures for employees (including drivers), staff and agents working for Defendants;

   ii. Establish and implement proper policies and procedures to esnure the safe operations of Defendants' vehicle(s);

   iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

   iv. Properly, responsibly and prudently hire employees;

   v. Properly, responsibly and prudently investigate employees before hiring them;

   vi. Properly, responsibly and prudently supervise and/or manage employees once hired;

   vii. Properly, responsibly and prudently train and instruct employees as to their duties;

   viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

   ix. Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

   x. Properly, responsibly and prudently set up mechanisms to ensure all Defendants' drivers are reasonably fit to operate Defendants' vehicles on public roadways.

33. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, Plaintiff physical, mental, and nervous pain and suffering.

34.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of in excess of Fifteen Thousand Dollars ($15,000.00). Such expenses and losses will continue to accrue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff will pray for leave of Court to insert all said damages herein when the same have been fully ascertained.

35.     As a result of Defendants' aforesaid negligent actions and/or failures to act, it has been necessary for Plaintiff to retain legal counsel to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for relief against the above-named Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For property damages;
4. For interest and costs incurred by Plaintiff in bringing his claims;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of April, 2021.

        **LADAH LAW FIRM**

        */s/ Ramzy P. Ladah, Esq.*

        **RAMZY PAUL LADAH**
        Nevada Bar No. 11405
        517 S. Third Street
        Las Vegas, NV 89101
        *Attorneys for Plaintiff*